JOURNAL ENTRY AND OPINION,
Defendant-appellant appeals the trial court's ruling classifying him as a sexual predator.
Appellant Ricardo Perez was charged with rape of his eight-year-old stepdaughter in 1993. He pleaded guilty to attempted rape and was sentenced to a term of 4 to 14 years. In 1999, the state filed a motion asking the court to adjudicate Perez as a sexual predator. The court made that determination after a hearing at which Perez personally addressed the court. Appellant timely appealed that ruling.
Perez is a twenty-nine-year-old twice divorced father of three children. The presentence report indicates that his first wife, who is the mother of all his children, does not permit him to see the children. At the time of the series of incidents which were the subject of his rape charge, Perez was twenty-three years old and living with his second wife and her two children, one of whom is the victim. Perez and his wife were having marital difficulties at this time and were fighting frequently.
According to an April 2000 report, Perez related the following circumstances to the psychiatrist. The eight-year-old child accidentally interrupted her mother and stepfather while they were having sex. Several days later, Perez was bathing the two children when the child asked him if the reason he and her mother were fighting was because of what she had seen. He assured her that it was not. The child then asked Perez what sex was and in response he exposed himself to her, allowing her to touch his penis and convincing her to perform oral sex on him. Perez told the psychiatrist that the reason he carried on a sexual relationship with the child was that he had a significant amount of marital problems with his second wife. He stated `as a result, I felt lonely, betrayed and unloved' and that the child loved him unconditionally. Psychiatric report at 6.
Perez made the child promise not to tell her mother about what he was doing to her. When the child told her aunt about it, the aunt took the child to Metro Hospital for examination. Blaming the aunt's husband, Perez initially denied the allegations and tried to bribe the child into lying by promising to buy her presents. He finally admitted he was the perpetrator, however.
In the April 2000 report, Perez told the psychiatrist that his sexual activity with the child was limited to oral sex, both fellatio and cunnilingus, and fondling. However, the presentence investigation report provided to the judge includes a statement that upon examination at Metro Hospital, the child was found to have no hymen and to have irritation in the vaginal area. The child also consistently reported to the doctors, social workers and police that Perez had performed anal and vaginal intercourse on her on numerous occasions. In the psychiatric report, Perez admitted that he engaged in sexual relations with [the child] for over a year. Court Psychiatric Report at 6.
Perez also reported to the psychiatrist in April 2000 that he believed [the child] was a `consenting partner.' Id. At his hearing on May 1, 2000, Perez claimed to the court that he did not know the meaning of the word consensual until he completed his Monticello Program for treatment of sexual offenders and therefore did not know the meaning of the word when he made his statement to the psychiatrist. He completed the Monticello program, however, in June 1998. Perez also made contradictory claims as to what he said to the doctor: he claimed that he did not tell the psychiatric doctor that [he] believe[s] the contact with the child] was consensual. Tr. at 14.
The psychiatric report was completed April 25, 2000 and the hearing was held on May 1, 2000. It would be difficult to have a more up-to-date report than the one available to the court. Unfortunately, the report does not indicate what level of risk for reoffending it considers Perez to be. Additionally, as pointed out by the prosecutor, the report is based upon information Perez himself provided to the psychiatrist and therefore is only as reliable as the information it is based upon. As noted above, some of that information is not complete or accurate.
Perez relies in his appeal on the opinions provided by the psychiatrist. For example, the psychiatrist reported Perez expresses significant remorse***and stated that he has no desire to engage in sexual relations with any minors in the future. The self-interested statement of the offender is by itself hardly a valid predictor of his likelihood of recidivism. Aside from reporting that Perez completed the sex offender program and a substance abuse program, the remaining opinions cited by Perez to support his case are based upon statements by Perez. For example, [b]y report, Mr. Perez has no prior history of sexual activity with underage women. Also, [b]y report, Mr. Perez does not have any substantiated sexual activity with any of his children or any other underaged minors. Additionally, Mr. Perez denies predatory or stalking behavior toward underage women. Psych Report at 8.
Perez's reliance on the psychiatric report is deceptively selective. He does not mention, for example, that the report gives him the diagnosis of Pedophilia, sexually attracted to females, nor that it references from the prosecutor's file on Perez four arrests for rape. The reliability of Perez's accounting of the facts is also brought into question by his statements to the court. Perez told the court at his hearing, I never had any feelings of being sexually attracted to any minor. Tr. at 17. Despite this claim, he admitted to the psychiatrist that he would masturbate in front of the child and have her perform oral sex on him and that she told defendant that she did not like the taste of his semen. Psychiatrist report at 6. Additionally, as previously noted, Perez denied telling the psychiatrist that the sexual contact was consensual. In a report drafted less than two weeks before the hearing, the psychiatrist observed that Perez believed the child to be a consenting partner. The truthfulness of Perez's denial, therefore, seems unlikely.
 Appellant's sole assignment of error states THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING HIM TO BE A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE, SECTION 2950.09.
R.C. 2950.09 states in pertinent part that the court should consider the following factors in determining whether to designate someone as a sexual predator:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender has completed any sentence for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or metal disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Not all the above factors have to be present in order for a court to find a person to be a sexual predator; the law requires that the court only consider each factor in its decision. State v. Gregory(Sept. 30, 1999), Cuyahoga App. No. 74850, unreported, 1999 Ohio App. LEXIS 4670.
Nor is the court required to address each factor specifically.
The statute does not require the court to list the criteria, but only to consider all relevant factors, including the criteria in R.C.2950.09(B)(2) in making his or her findings. State v. Cook (1998),83 Ohio St.3d 404, 426.
Once it has reviewed all the evidence, the court determines by a clear and convincing standard whether it finds the offender to be a sexual predator. R.C. 2950.09(B)(3). If there is competent, credible evidence to support the trial court's determination, the appellate court should uphold the trial court. State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
Appellant claims that because the court psychiatrist found eight factors which did not increase the likelihood of Appellant sexually victimizing an underage female in the future he is not a risk after release from prison. The risk of recidivism, however, is not determined by the mere number of factors. There is no mathematical formula to apply here.
Appellant also claims that the state did not introduce evidence to support its case. Although the state did not introduce evidence of the sort which would be admissible at trial, this court has held that the evidentiary standards for a sexual predator hearing are similar to those for a sentencing. The presentence report, along with the psychiatric report, contained more than adequate information for the court to make its decision.
The trial court's judgment entry specifically addresses a number of the factors delineated in the statute. The court addressed the offender's age as well as the age of the child victim, the offender's prior criminal record, his participation in an offender treatment program, the nature and duration of the offender's contact, and the results of the psychiatric exam. Given the tender age of the victim and the duration of the abuse, coupled with the lack of veracity on the part of the offender with the psychiatrist and with the court, clear and convincing evidence exists to support the trial court's finding that Perez is a sexual predator. As this court noted last year in State v. Steele (Sept. 7, 2000), Cuyahoga App. No. 76205, unreported, 2000 Ohio App. LEXIS 4046, at *15, although there was but a single victim, there were multiple violations of the law which exhibited `a demonstrated pattern of abuse.'
Here too, the offender continued a pattern of abuse over the course of more than a year, despite his terming the abuse engaging in sexual relations with the victim. Perez's claim to the court that he never had feelings of sexual attraction to a minor in and of itself is clear and convincing evidence that his participation in the Monticello program did not provide him with the insight necessary to prevent a recurrence of his offense against a child.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ DIANE KARPINSKI, ADMINISTRATIVE JUDGE:
JAMES D. SWEENEY, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.